IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEWIS WARD #1625854 | § | |
| v. | § | CIVIL ACTION NO. 6:12cv836 |
| JESSICA BOGER | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lewis Ward, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ward complained that counsel substitute Jessica Boger did not represent him properly in an allegedly false disciplinary case which he received from Officer Erma Davis. The subject matter of the lawsuit is essentially the same as that in Ward v. Davis, et al., civil action no. 6:12cv834.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Ward's *in forma pauperis* status be revoked and that the lawsuit be dismissed. The Magistrate Judge concluded that Ward's claims in the present case were frivolous on their face because they repeated pending litigation and because Boger, as a counsel substitute, is not a state actor and thus not amenable to suit under 42 U.S.C. §1983.

In addition, the Magistrate Judge noted that Ward had previously filed at least three other lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, rendering him subject to the bar of 28 U.S.C. §1915(g). The Magistrate Judge further said that the U.S. District Court for the Western District of Texas has sanctioned Ward

$25.00 for filing frivolous lawsuits; these sanctions stipulated that Ward could not file any more lawsuits until the sanction was satisfied and he had received advance written permission from a judge of the forum court. Under General Order 94-6, the Magistrate Judge said, the Eastern District of Texas honors sanctions imposed by other district courts within the State of Texas; hence, the sanctions imposed by the Western District of Texas are applicable to lawsuits filed by Ward in the Eastern District of Texas.

Ward received a copy of the Magistrate Judge's Report on February 13, 2013, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 13) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Lewis Ward's *in forma pauperis* status is hereby REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of April, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**